## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D.W.,** | * |
| A minor, by his grandmother | * |
| and next friend, | * |
| **MARIAN MURPHY** | * |
| 5019 11th Street, NW | * |
| Washington, D.C. 20017 | * |
| | * |
| and | * |
| | * **Civil Action No:** |
| **MARIAN MURPHY** | * |
| 5019 11th Street, NW | * |
| Washington, D.C. 20017 | * |
| Plaintiffs | * |
| | * |
| v. | * |
| | * |
| **GOV. OF DISTRICT OF COLUMBIA** | * |
| A municipal corporation, | * |
| 1350 Pennsylvania Ave., N.W. | * |
| Washington, D.C. 20004 | * |
| | * |
| Serve on: | * |
| Attorney General of D.C. | * |
| Attn: | * |
| One Judiciary Square | * |
| 441 4th Street, N.W., Suite 600 | * |
| Washington, D.C. 20001 | * |
| | * |
| and | * |
| | * |
| Mayor Adrian Fenty | * |
| Office of the Secretary | * |
| Attn: Gladys Herring or Designee | * |

      1350 Pennsylvania Avenue, Ste. 419  \*

      Washington, DC 20004               \*

                                          \*

**MICHELLE RHEE**                          \*

The Chancellor                              \*

District of Columbia Public Schools     \*

825 North Capitol Street, NE           \*

Washington, D.C. 20002                 \*

              Defendants(s)         \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2. D.W.. is a seventeen-year old child with a disability in the custody of Marian Murphy, in the District of Columbia, and has been determined eligible as Learning Disabled by DCPS pursuant to IDEIA and section 504. The grandmother brings this action on his behalf and in their own right.

3. The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4.      Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are respected.

## FACTS

5.      D.W. is a 17-year old student who has been determined to need special education by DCPS and his IEP calls for 16.5 hours of special education services.

6.      On March 16, 2005 a Hearing Officer's Determination (HOD) was entered which *inter alia* placed D.W. at High Road Academy and ordered DCPS to make a determination as to compensatory education up to the date the student matriculated to Friendship Edison Public Charter School (:FEPCS").

7.      DCPS failed to comply with the March 16, 2005 HOD warranting Parent to file a new due process complaint for DCPS failure to comply with the 3/16/05 HOD.

8.      On or about September 1, 2005, a HOD was issued which ordered DCPS to conduct a psycho-educational evaluation and neuro-psychological evaluation of D.W., within thirty (30) days, otherwise the plaintiff was authorized to obtain independent evaluations at DCPS expense; that DCPS would convene an MDT / IEP meeting within fifteen (15) school days upon receipt of these evaluations; and that DCPS was to provide two (2) years of compensatory education for D.W. for his missed services, in the form of one-on-one tutoring and other appropriate relief. However, DCPS never provided this compensatory education for D.W as ordered by the 9/1/05 HOD.

9.      On or about October 11, 2005, a MDT / IEP meeting was convened to update D.W.'s IEP.  This IEP provided D.W. with twenty-six (26) hours of specialized instruction per week, as

well as 1.5 hours of psychosocial counseling per week. The parent and advocate requested compensatory education as ordered by the 09/01/05 HOD, in the form of 400 hours of compensatory education to include one-on-one tutoring in math and English. However, DCPS was unavailable to discuss the amount of compensatory education due to D.W.

10. On 01/05/06, an independent neuropsychological evaluation was completed. This evaluation showed that D.W. was functioning within borderline to low – average ability in visual scanning of numbers and letters; deficient to borderline ability in design fluency; shifting deficits in color word inference; deficient to low average ability in memory scale; and significant impairments in sorting test. The evaluation indicated that D.W.'s low functioning in these areas was correlated to his difficulties in maintaining attention to the tests, symptomatic of his ADHD. This evaluation further diagnosed D.W. as having Cognitive Disorder, ADHD, and a Learning Disorder.

11. On 01/13/06, an independent psycho-educational evaluation was performed. The evaluation determined that D.W.'s processing speed, ability in mathematics, and perceptual motor functioning all measured in the low-average range. It further indicated that his functioning had improved in a structured and supportive learning environment, but without such an educational setting that was sensitive to his needs, his academic progress would diminish. The evaluation recommended that D.W. remain in a small-group educational setting with individualized instruction, and recommended both clinical and neuropsychological assessments.

12. A MDT / IEP meeting was convened for D.W. on 01/30/07, to develop his annual IEP and to discuss compensatory education. This MDT meeting was unable to be completed because DCPS did not provide a school psychologist to review the independent psycho-educational and neuropsychological evaluations, which were provided to DCPS, by the plaintiff on 02/11/06.

13.     The 09/01/05 HOD had ordered DCPS to perform these evaluations or, failing that, for DCPS to fund independent evaluations; upon receipt of the evaluations, DCPS was to convene an MDT / IEP meeting within fifteen (15) days.  DCPS failed to convene any MDT meeting from the time they received the independent evaluations, on 02/11/06, until the MDT meeting on 01/30/07.  As DCPS has yet to develop a new IEP, D.W. continues to operate under the expired 10/11/05 IEP.

14.     As a result of all of the above violations and denials of appropriate services, the parent through counsel filed a due process complaint on 02/06/07.  This complaint alleged that DCPS had violated the 09/01/05 HOD by failing to timely convene the MDT meeting and provide him with compensatory education, failed to update D.W.'s triennials, failed to provide D.W. with an appropriate IEP for the 2004-05SY, 2005-06SY and 2006-07-SY as his IEP expired and DCPS failed to complete a new IEP since 10/11/05, failed to complete a comprehensive psychological evaluation, failed to provide D.W. with appropriate special education and related services, and failed to provide appropriate transition services as D.W. had not been provided a vocational assessment as part of transitions services federally mandated by the IDEA.

15.     On 04/10/07, the hearing was convened and for the hearing, the parent through counsel disclosed as evidence to include but not limited to the 09/01/05 HOD, the 01/30/07 MDT / IEP meeting notes, letters to DCPS requesting evaluations, the student's 10/11/05 IEP, and the 01/05/06 neuropsychological and 01/13/06 psycho-educational evaluations. DCPS counsel disclosed, to include but not limited to the 03/16/05 HOD.

16.     During the hearing, parent's counsel argued that DCPS violated the 09/01/05 HOD because the two years of compensatory education ordered have not been provided, that DCPS had failed to update D.W.'s triennials because it has not completed all of the required

evaluations, that DCPS had failed to develop an appropriate IEP for D.W. as his 10/11/05 IEP had expired and no new IEP was developed at the 01/30/07 MDT meeting, that DCPS had not provided D.W. with appropriate special education and related services because the current IEP had expired and was no longer reflective of his needs, that DCPS had further denied D.W. FAPE by failing to perform a vocational assessment, and DCPS had not provided the student with compensatory education for its past and present denial of FAPE.

17.     During the hearing on April 10, 2007, DCPS did not provide any documentation to show that they had provided the student with the compensatory education ordered in the 09/01/05 HOD, nor did they provide evidence that they had conducted a vocational assessment to determine the student's appropriate transition goals or services. Nonetheless, the hearing officer erroneously overruled the 09/01/05 HOD despite the lack of authority to do so and the evidence in the record that the compensatory education award entered on 9/1/05 was premised on the denial of FAPE while D.W. was attending a Backus Middle School prior to his attendance at FEPCS.

18.     On 04/11/07, the hearing officer issued a determination in which he dismissed the claim against DCPS, even though DCPS still had not provided D.W. with the compensatory education awarded to him by the 09/01/05 HOD and had also not provided D.W. with an appropriate IEP, updated triennial evaluations, or necessary transition services by providing a vocational assessment. Moreover, the hearing officer made a finding about the student's placement at Backus MS, where such issue was not before him because it was previously litigated and a HOD ensued from the litigation awarding 2 years of compensatory education to D.W. and placing the student at High Road.

## COUNT I

19. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

20. Defendants failure to provide plaintiff with free, appropriate education and comply with the 9/1/05 HOD violates plaintiffs' rights under the IDEA and section 504.

## COUNT II

21. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22. The Hearing Officer erred in finding that the 09/01/05 HOD erroneously did not include Friendship Edison as a party and that the compensatory education granted by that HOD should have been awarded solely against Friendship Edison. The Hearing officer failed to take into consideration that the student was not attending Friendship Edison for the period the compensatory education was ordered but was attending Backus Middle School. The HOD was entered back on 9/1/05 and DCPS never appealed the decision.

## COUNT III

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. The Hearing Officer exceeded his authority in his determination by vacating another Hearing Officer's determination that was premised on a full evidentiary hearing. The 9/1/05 HOD awarded 2 years of compensatory education and the Hearing Officer in the instant matter had no authority to relitigate the issues already foreclosed by the 9/1/05 HOD, and vacate an existing HOD that was based on sound exercise of discretion which was never appealed by DCPS during the appeal period provided under IDEA.

## COUNT IV

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. The Hearing Officer abused his discretion in dismissing Plaintiff's complaint where the

7

evidence established that Defendants; failed to comply with a HOD entered 9/1/05, violated IDEIA by not providing the encounter tracker forms to show that D.W. was receiving his related services; failed to provide a vocational assessment for D.W. which denied him transition services, failed to draft a current and appropriate IEP for D.W. since 10/11/05, and failed to update D.W.'s triennial evaluations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray this Court to grant them the following relief:

1. Issue a judgment for Plaintiffs and against defendants on all aforementioned counts;

2. Order that the April 11, 2007, Hearing Officer's Decision be reversed, and the relief in the underlying due process complaint be granted;

3. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

4. Grant such other and further relief the Court deems just and proper.

Respectfully submitted,
THE IWEANOGES' FIRM P.C.

By:     /s/JudeIweanoge/s/
Jude C. Iweanoge, Bar #493241
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: jci@iweanogesfirm.com

C
07-1241
RCL

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**

D.W., et. al.

11001

**DEFENDANTS**

GOV;

District of Columbia, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAN

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jude C. Iweanoge, Esq.
1026 Monroe Street, NE
Washington, DC 20017

ATT

Case: 1:07-cv-01241
Assigned To : Lamberth, Royce C.
Assign. Date : 7/10/2007
Description: Admn. Agency Review

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊗ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊙ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
⊗ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

DC Twice

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
IDEIA -- Violation of HOD, Denial of a FAPE    20 USC 1415

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE July 9, 2007 / 10    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.