UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARIAN MURPHY, et al.,                :
                                      :
      PLAINTIFFS                      :
                                      :   Civ. Action No. 07-1241 (RCL)
      v.                              :
                                      :
DISTRICT OF COLUMBIA, et al.,         :
                                      :
      DEFENDANTS.                     :
_____

**DEFENDANTS' ANSWER TO COMPLAINT**

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Defendants admit the existence of the cited statutes and D.C. Municipal Regulation. The remaining allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

2. Admitted that D.W. is a 17-year-old District of Columbia resident in the custody of Marian Murphy, who has been classified as learning disabled. The remaining allegation in sentence one is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied. Sentence two is a characterization of the action by the pleader to which no response is required. If a response is required, then the same is denied.

3. Admitted.

4. Admitted that Michelle Rhee is the Chancellor of the District of Columbia Public Schools ("DCPS"). The remaining allegations are conclusions of law and/or of

the pleader to which no response is required. If a response is required, then the same are denied.

5. Admitted that D.W. is a 17-year-old student who has been determined to need special education by DCPS. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegation at this time.

6. The Hearing Officer's Determination ("HOD") speaks for itself. These allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

7. This allegation is the pleader's characterization of Defendants' actions to which no response is required. If a response is required, then the same is denied.

8. The HOD speaks for itself. Sentence one is the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied. Sentence two is a conclusion of the pleader to which no response is required. If a response is required, then the same is denied.

9. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

10. Defendants lack knowledge and information sufficient to enable them to answer the allegation in sentence one. The neuropsychological evaluation speaks for itself. The remaining allegations are the pleader's interpretation of the evaluation to which no response is required. If a response is required, then the same are denied.

11. Defendants lack knowledge and information sufficient to enable them to answer the allegation in sentence one. The psycho-educational evaluation speaks for

itself. The remaining allegations are the pleader's interpretation of the evaluation to which no response is required. If a response is required, then the same are denied.

12. Defendants lack knowledge and information sufficient to enable them to answer the allegation in sentence one. The remaining allegations are denied.

13. The September 1, 2005 HOD speaks for itself. The remaining allegations in sentence one are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied. Sentence two is a characterization of Defendants' actions to which no response is required. If a response is required, then the same is denied. Sentence three is a conclusion of the pleader to which no response is required. If a response is required, then the same is denied.

14. Sentence one is a conclusion of the pleader to which no response is required. If a response is required, then the same is denied. The due process complaint speaks for itself. The remaining allegations are the pleader's interpretation of the complaint to which no response is required. If a response is required, then the same are denied.

15. The hearing transcript speaks for itself. These allegations are the pleader's recollection of what occurred during the due process hearing to which no response is required. If a response is required, then the same are denied.

16. The hearing transcript speaks for itself. These allegations are the pleader's recollection of what occurred during the due process hearing to which no response is required. If a response is required, then the same are denied.

17. The hearing transcript speaks for itself. Sentence one is the pleader's recollection of what occurred during the due process hearing to which no response is required. If a response is required, then the same is denied. Sentence two is a conclusion

of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

19. 18.  The April 11, 2007 HOD speaks for itself.  The remaining allegations are the pleader's interpretation of the HOD to which no response is required.  If a response is required, then the same are denied.

19.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 18.

20.  This allegation is a conclusion of law and/or of the pleader to which no response is required.  If a response is required, then the same is denied.

21.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 18.

22.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

23.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 18.

24.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

25.  In answer to this allegation, Defendants incorporate by reference their answers to paragraphs 1 through 18.

26.  These allegations are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint fails to state a claim upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Plaintiffs have failed to exhaust their administrative remedies.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the
                  District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                */s/ <u>Edward P. Taptich</u>*
                EDWARD P. TAPTICH (012914)
                Section Chief
                Equity Section Two

                */s/ <u>Veronica A. Porter</u>*
                VERONICA A. PORTER (412273)
                Assistant Attorney General
                Civil Litigation Division
                Equity Section Two
                441 Fourth Street, N.W., Sixth Floor South
                Washington, D.C.  20001
                (202) 724-6651 (phone)
                (202) 727-3625 (facsimile)
                veronica2.porter@dc.gov

**August 8, 2007**