# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIAN MURPHY, et al | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | **Civ. Acton No. 07-1241 (RCL)** |
| | * | |
| | * | |
| DISTRICT OF COLUMBIA, et al | * | |
|     Defendants | * | |

**************************************

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, Delonta Wilkins and Marian Murphy, by and through their attorneys Jude C. Iweanoge and IWEANOGE LAW CENTER, hereby moves this Honorable Court for summary judgment in favor of the Plaintiff as to all counts. As reasons therefore, Plaintiffs will establish that there exist no triable issues of material fact and that Plaintiffs are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs, incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to grant this Motion and enter summary judgment in favor of Plaintiffs as to all counts of the complaint.

Respectfully submitted<br>
THE IWEANOGES' FIRM, P.C.

By:     */s/JudeIweanoge/s/*
       Jude C. Iweanoge, Bar #493241
       IWEANOGE LAW CENTER
       1026 Monroe Street, NE
       Washington, D.C. 20017
       Phone: (202) 347-7026
       Fax: (202) 347-7108
       Email: jci@iweanogesfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARIAN MURPHY, et al | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civ. Action No. 07-1241 (RCL) |
| | * | |
| | * | |
| DISTRICT OF COLUMBIA, et al | * | |
| Defendants(s) | * | |

**************************************

## MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

For reasons set forth herein, Plaintiffs are entitled to summary judgment as to all counts. The undisputed material facts of this case will establish, inter alia, that (i) DCPS failed to comply with a March 16, 2005 and September 1, 2005, Hearing Officer's Determination (hereinafter "HOD"); and (ii) the hearing examiner exceeded his authority in overturning another Hearing Officer's Decision and dismissing Plaintiffs due process complaint.

On these controlling points there exists no genuine issue of material facts and accordingly, Plaintiffs are entitled to summary judgment as a matter of law.

## BACKGROUND FACTS

On March 16, 2005 a Hearing Officer's Determination (HOD) was entered which *inter alia* placed D.W. at High Road Academy and ordered DCPS to make a determination as to compensatory education up to the date the student matriculated to Friendship Edison Public Charter School ("FEPCS"). (AR.78-79) DCPS failed to comply with the March 16, 2005 HOD warranting parent to file a new due process complaint for DCPS' failure to comply with the 3/16/05 HOD. As a result of this complaint, a HOD was issued on 09/01/05 that ordered that DCPS *inter alia*, conduct a psycho-educational evaluation and neuro-psychological evaluation of D.W. within thirty (30) days, otherwise the plaintiff was authorized to obtain independent evaluations at DCPS expense; that DCPS would convene a MDT/IEP meeting within fifteen (15)

2

school days upon receipt of these evaluations; and that DCPS was to provide two (2) years of compensatory education for D.W. for his missed services, in the form of one-on-one tutoring and other appropriate relief.  (AR.125-129). However, DCPS did not provide the compensatory education for D.W as ordered by the 9/1/05 HOD.  On 10/11/05 an IEP meeting was held in which the parent and advocate requested 400 hours of compensatory education.  However, DCPS was not available to discuss and determine the amount of compensatory education hours. Therefore, due to this new refusal to comply with this order, the parent again filed a new complaint. As a result, a hearing was held on 04/10/07 and on 04/11/07; the HOD was issued wherein the hearing officer dismissed the case. (AR. 2-6).

## STATEMENT OF UNDISPUTED FACTS

1. Delonta Wilkins is an African American male residing in the District of Columbia born on September 20, 1989.

2. Delonta Wilkins attended Backus Middle School in the District of Columbia Public Schools prior to his attendance at Friendship Edison Public Charter School. (AR 74-79).

3. On March 16, 2005 a Hearing Officer's Determination (HOD) was entered which inter alia placed D.W. at High Road Academy and ordered DCPS to make a determination as to Compensatory education up to the date the student matriculated to Friendship Edison Public Charter School ("FEPCS").  (AR 78-79).

4. DCPS failed to comply with the March 16, 2005 HOD warranting parent to file a new due process complaint for DCPS' failure to comply with the 3/16/05 HOD. (AR 126-127).

5. DCPS did not provide compensatory education for D.W. as order by an HOD issued on September 1, 2005.  (AR.125-129).

6. During the MDT/IEP meeting convened on October 11, 2005, to update D.W.'s

3

IEP, DCPS was unavailable to discuss the amount of compensatory education due to D.W. (AR.80-92; AR.93-95).

7. D.W.'s independent neuropsychological evaluation completed on 12/29/05 showed that D.W. was functioning within borderline to low – average ability in visual scanning of numbers and letters; deficient to borderline ability in design fluency; shifting deficits in color word inference; deficient to low average ability in memory scale; and significant impairments in sorting test. The evaluation indicated that D.W.'s low functioning in these areas was correlated to his difficulties in maintaining attention to the tests, symptomatic of his ADHD. This evaluation further diagnosed D.W. as having Cognitive Disorder, ADHD, and a Learning Disorder. (AR.101-106).

8. D.W.'s independent psycho-educational evaluation performed on 12/29/05 determined that D.W.'s processing speed, ability in mathematics, and perceptual motor functioning all measured in the low-average range. It further indicated that his functioning had improved in a structured and supportive learning environment, but without such an educational setting that was sensitive to his needs, his academic progress would diminish. The evaluation recommended that D.W. remain in a small-group educational setting with individualized instruction, and recommended both clinical and neuropsychological assessments. (AR.107-116)

9. A MDT / IEP meeting was convened for D.W. on 01/30/07, to develop his annual IEP and to discuss compensatory education. This MDT meeting was unable to be completed because DCPS did not provide a school psychologist to review the independent psycho-educational and Neuropsychological evaluations, which were provided to DCPS by the plaintiff on 02/11/06. (AR.130-131; AR.119-120).

10. The parent through counsel filed a due process complaint on 2/6/07 as a result of DCPS failure to comply with HODs, and denials of appropriate services, the parent through counsel

4

filed a due process complaint on 02/06/07. This complaint alleged that DCPS had violated the 09/01/05 HOD by failing to timely convene the MDT meeting and provide him with compensatory education, failed to update D.W.'s triennials, failed to provide D.W. with an appropriate IEP for the 2004-05SY, 2005-06SY and 2006-07-SY as his IEP expired and DCPS failed to complete a new IEP since 10/11/05, failed to complete a comprehensive psychological evaluation, failed to provide D.W. with appropriate special education and related services, and failed to provide appropriate transition services as D.W. had not been provided a vocational assessment as part of transitions services federally mandated by the IDEA. (AR.9-14).

11. On 04/10/07, a hearing was convened and the parent through counsel disclosed as evidence to include but not limited to the 09/01/05 HOD, the 03/16/05 HOD, the 01/30/07 MDT / IEP meeting notes, letters to DCPS requesting evaluations, the student's 10/11/05 IEP, and the 01/05/06 neuropsychological and 01/13/06 psycho-educational evaluations. DCPS counsel disclosed, to include but not limited to the 03/16/05 HOD. (AR 7-8).

12. DCPS violated the 09/01/05 HOD because the two years of compensatory education ordered have not been provided, DCPS had failed to update D.W.'s triennials because it has not completed all of the required evaluations, DCPS had failed to develop an appropriate IEP for D.W. as his 10/11/05 IEP had expired and no new IEP was developed at the 01/30/07 MDT meeting, DCPS had not provided D.W. with appropriate special education and related services because the current IEP had expired and was no longer reflective of his needs, by failing to perform a vocational assessment, and DCPS had not provided the student with compensatory education for its past and present denial of FAPE. (Supp. AR 6-12).

13. During the hearing on April 10, 2007, DCPS did not provide any documentation to show that they had provided the student with the compensatory education ordered in the 09/01/05 HOD, nor did they provide evidence that they had conducted a vocational assessment to

5

determine the student's appropriate transition goals or services. Nonetheless, the hearing officer erroneously overruled the 09/01/05 HOD despite the lack of authority to do so and the evidence in the record that the compensatory education award entered on 9/1/05 was premised on the denial of FAPE while D.W. was attending a Backus Middle School prior to his attendance at FEPCS. (Supp. AR 2-48).

14. DCPS admitted at the 4/10/07 hearing that DCPS was culpable for compensatory education as provided in the prior HOD for the period the child attended Backus Middle School. (Supp. AR. 14-17).

15. On 04/11/07, the hearing officer issued a determination in which he dismissed the claim against DCPS, even though DCPS still had not provided D.W. with the compensatory education awarded to him by the 09/01/05 HOD and had also not provided D.W. with an appropriate IEP, updated triennial evaluations, or necessary transition services by providing a vocational assessment. (AR.2-6).

16. The hearing officer exceeded his authority by relitigating issues that were previously decided and vacated a duly entered Hearing Officers Determination. (Supp. AR 19 -36; AR 2-6).

## ARGUMENT
## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered for the moving party when there is no genuine issue of material fact. In ruling on a motion for summary judgment, the trial court addresses two issues: (1) whether the pleading, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine dispute as to any material fact and (2) whether the movant is entitled to judgment as a matter of law. In addition, inferences to be drawn from underlying facts must be viewed in the light most

favorable to the opposing party, and even if it is unlikely that the opposing party will not prevail at trial. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).

In decision interpreting Rule 56, the United States Supreme Court has disapproved any continued reluctance by trial courts to grant summary judgment in appropriate cases stating:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [rules of procedure] which are designed "to secure the just, speedy and inexpensive determination of every action."

<u>Celotex Corp. v. Cartarett</u>, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986)(citations omitted).

The IDEA provides for judicial review in state and federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. See 20 U.S.C. §1415(i)(2)(A). 20 U.S.C. §1415(e)(2) states that "the court shall review the records of the administrative proceedings, shall hear additional evidence at the request of the party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." District Court's review of a challenge to an administrative ruling brought under the Individuals with Disability Education Act (IDEA) base its decision on "preponderance of the evidence" in exercising its independent judgment at arriving at an appropriate placement and programming decision. 20 U.S.C. §1415(i)(2)(B); <u>See Lenn v. Portland School Committee</u>, 998 F.2d 1083 (1st Cir. 1993).

The district court reviewing an HOD should "defer to the hearing officer's factual findings based on credibility judgment unless the non-testimonial, extrinsic evidence on the record would justify a contrary conclusion." <u>S.H. v. State-Operated School Dist. Of the City of Newark</u>, 336 F.3d 260, 269-71 (3rd Cir. 2003) (citations omitted).

7

## A.   THE COURT SHOULD REVERSE THE HEARING OFFICER'S DETERMINATION THAT DCPS DID NOT HAVE TO COMPLY WITH THE 09/01/05 HOD

Pursuant to the Consent Decree entered in <u>Blackman v. District of Columbia</u>, *Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006)*, there is a rebuttable presumption of harm when a student is denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs. (Blackman/Jones Consent Decree, ¶ 74 at 39). In the instant case, DCPS failed to rebut this presumption of harm but yet the Hearing Officer dismissed Plaintiffs complaint based on his erroneous interpretations of the facts and prior HODs that DCPS should not have been charged with providing the compensatory education services. According to the 09/01/05 HOD, DCPS was to provide D.W. with two years of compensatory education on a one-on-one basis premised on its failure to provide appropriate education prior to the student matriculating to Friendship Edison Public Charter School. *AR at 125-129; Supp. AR at 8*. Nonetheless, DCPS did not do so. As a result, the student struggled throughout his school career. In fact, the evaluations completed in 2006 clearly delineated his academic deficiencies and as a result he needed the one-on-one support that he would have received if DCPS had complied with the HOD.

Furthermore, where a school district has refused to implement a hearing officer's decision, courts generally find irreparable harm. *See e.g.*, <u>Olson, et al. v. Robinsdale Area Schools, et al</u>., *2004 U.S. Dist. LEXIS 9858 (D. Minn. 2004)*; <u>Kantak v. Board of Educ., Liverpool Central School Dist</u>., *1990 U.S. Dist. LEXIS 20986, 1990 WL 36803, at 2 (N.D.N.Y. 1990)* (holding that the "continued deprivation of the service . . . determined to be necessary to serve [the] individual education requirements . . . produce(s) a sufficient injury"). The "injury is actual and imminent because [the student] is currently being deprived of the free appropriate public education to which [he or] she is entitled under the IDEA." <u>Olson, et al v. Robinsdale</u>

8

*Area Schools, et al* 2004 U.S. Dist. LEXIS 9858 at n8 (*citing* <u>A.T. v. New York State Educ. Dept.</u>, *1998 U.S. Dist. LEXIS 23275, 1998 WL 765371, at \*10 (E.D.N.Y. 1998)*)).

In the instant case, D.W. was harmed because DCPS never complied with the 3/16/05 and 9/1/05 HODs. In fact, they refused to comply because it was about two years since the order was issued and DCPS did nothing. During the hearing DCPS argued that they felt they were not responsible for the provision of the ordered compensatory education services, despite the plain and unambiguous language of 9/1/05 HOD which stemmed from the 03/16/05 HOD wherein it was clear that DCPS was responsible for providing D.W. with the compensatory education for the period the child attended Backus Middle School. *AR at 74-79*. Similarly, as recognized in <u>Olson</u>, *supra* the Hearing Officer should have found DCPS' refusal to comply with the HOD to lead to "irreparable harm," in light of the prior HODs and DCPS admission that it was culpable for at least part of the period that the compensatory education was ordered. *Supp. AR. at 14-17*. Additionally, D.W.'s neuropsychological evaluation clearly stated that D.W. was functioning within borderline to low average ability in visual scanning of numbers and letters; deficient to borderline ability in design fluency; shifting deficits in color word inference; deficient to low average ability in memory scale; and significant impairments in sorting test. The evaluation indicated that D.W.'s low functioning in these areas was correlated to his difficulties in maintaining attention to the tests, symptomatic of his ADHD. This evaluation further diagnosed D.W. as having Cognitive Disorder, ADHD, and a Learning Disorder.

The aforestated clearly shows that the student is in need of the ordered compensatory education and it was erroneous for the Hearing Officer to dismiss the complaint without a finding that the student was not in need of the previously ordered compensatory education services.

9

B.  **HEARING OFFICER EXCEEDED HIS AUTHORITY IN OVERRULING THE 09/01/05 HOD**

The right to have a hearing officer's decision carried out is a right "secured by the laws of the United States." *Robinson v. Pindwerhughes, 810 F.2d 1270, 1275 (4th Cir. 1987)*. Additionally, a hearing officer's decision, save for appeal, "shall be final." 20 U.S.C. § 1415(i)(1)(A). Therefore, the hearing officer's decision in the instant case became final after the expiration of the appeal period and had the force and effect of a final judgment; as such the instant hearing officer was without jurisdiction to entertain any collateral attack of the previous hearing officer's decision by Defendant.

Furthermore, 34 CFR 300.513, mandates that a hearing officer's decision must be based on substantive grounds. Nothing in this section or other provisions of the IDEA grants a hearing officer the authority to vacate or overturn a previous hearing officer's order as erroneous. It is undisputed that this hearing officer did not make his decision based on the issues at hand and within the confines of the powers conferred on him under the IDEA and District of Columbia laws but rather on his misinterpretation of the facts and the prior HODs. *Supp. AR. at 19-30.* In addition, for the purpose of the hearing on April 10, 2007, the hearing officer could not ignore the prior hearing officer's decision based on representation by Defendants because DCPS collateral attack of the HOD did not take place in the context of a proper appeal and even assuming *argeundo* that it did, the hearing officer does not have jurisdiction to entertain appeals.

Pursuant to 34 CFR 300.516, "any party aggrieved by the findings and decision . . . has the right to bring a civil action with respect to the due process complaint notice requesting due process hearing . . . The action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." The section further allows the aggrieved party 90 days to appeal the decision in court. However, DCPS did

10

not appeal the 09/01/05 HOD and as such the HOD became final and binding upon DCPS at the expiration of the 90 days period of appeal. Moreover, DCPS by failing to appeal the decision waived any right to the reconsideration of the HOD or relitigation of the issues already addressed at a previous hearing, and the Hearing Officer lacked jurisdiction to reconsider another Hearing Officer's decision let alone vacate and/or overturn it as the Hearing Officer did in the case *sub judice*. In fact, the Hearing Officer agreed that DCPS should have appealed the prior decision if it was not satisfied. Nonetheless the Hearing Officer unilaterally ignored the mandates of IDEIA and established laws of the District of Columbia and this Court, and made up an excuse for DCPS's failure to appeal the decision stating "people make mistakes." *Supp AR. at 19, 29*.

Regardless of the personal feelings of the hearing officer in the instant case regarding the prior HODs, he is without authority to overturn the HODs, which became final and binding on the Defendants. The issue before the hearing officer was DCPS failure to comply with a duly entered HOD and not whether the previous hearing officer made the correct decision at the time of the previous hearing. However, the Hearing Officer during the hearing on April 10, 2007, challenged the prior HODs and categorically stated that they were "wrong". *Supp. AR at 18-20; 28-30*. Moreover, pursuant to 34 CFR 300.516, only a court of competent jurisdiction can review a Hearing Officer's Determination; therefore, it was erroneous for the Hearing Officer in the instant case to vacate and/or overturn a prior HOD entered on 09/01/05.

## CONCLUSION

**WHEREFORE**, the Plaintiffs respectfully request this Honorable Court to grant plaintiff's motion for summary judgment and vacate the Hearing Officer's Decision entered April 11, 2007. In addition, the court should grant the Plaintiff's request for attorneys' fees and costs for this action and the administrative proceedings.

>Respectfully Submitted,
>THE IWEANOGES' FIRM P.C.
>
>By:      /s/JudeIweanoge/s/
>Jude C. Iweanoge, Bar #493241
>IWEANOGE LAW CENTER
>1026 Monroe Street, NE
>Washington, D.C. 20017
>Phone: (202) 347-7026
>Fax: (202) 347-7108
>Email: jci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that copies of the foregoing motion were electronically filed on November 6, 2007, and the court would notify parties using Court's e-file system.

>     /s/JudeIweanoge/s/
>Jude C. Iweanoge