## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

MARIAN MURPHY, et al.,    :
          :
  PLAINTIFFS     :
          :   **Civ. Action No. 07-1241 (RCL)**
     v.     :
          :
DISTRICT OF COLUMBIA, et al., :
          :
  DEFENDANTS.   :
_____

## DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT
## AND OPPOSITION TO PLAINTIFFS' MOTION FOR
## SUMMARY JUDGMENT

Defendants, through counsel, respectfully move this Court to grant summary

judgment in their favor in the above-captioned case. As established by the administrative

record, the accompanying supporting memorandum and the statement of material facts as

to which there is no genuine dispute, the challenged administrative determinations under

the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20

U.S.C. §1400 et seq., were entirely appropriate.


        Respectfully submitted,

        LINDA SINGER
        Attorney General for the
         District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

/s/ *Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

/s/ *Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**December 10, 2007**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        :
**MARIAN MURPHY, et al.,**               :
                                        :
**PLAINTIFFS**                           :
                                        :          **Civ. Action No. 07-1241 (RCL)**
**v.**                                   :
                                        :
**DISTRICT OF COLUMBIA, et al.,**        :
                                        :
**DEFENDANTS.**                          :
_____

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## THERE IS NO GENUINE ISSUE

1.  Plaintiff D.W. is an 18-year-old resident of the District of Columbia.  He was 17 years old when the Complaint was filed.  *Complaint, para 2, 5; Administrative Record filed herein October 2 and November 2, 2007 ("AR"), p. 15.*

2.  On June 24, 2004, the District of Columbia Public Schools ("DCPS") and Plaintiffs entered into a Settlement Agreement whereby DCPS agreed to fund a psychiatric evaluation and a social history evaluation.  *AR, p. 16.*

3.  As part of the Settlement Agreement, DCPS also agreed to conduct a Multidisciplinary Team ("MDT") meeting within 15 days of receipt of the evaluations, update D.W.'s Individualized Educational Program ("IEP") as warranted, discuss and determine placement, issue a placement notice, **discuss** compensatory education, and develop a compensatory education plan, **if warranted**.  *AR, p. 16.*

4.   At the time the Settlement Agreement was executed, D.W. was attending The Village Learning Center Public Charter School ("The Village"), a District of Columbia charter school.  *AR, p. 15.*

5.   The Village closed shortly after the Settlement Agreement was executed.  *AR, p. 438.*

6.   A psychiatric evaluation was conducted on July 23, 2004.  *AR, p. 31.*

7.   A social work evaluation was conducted on August 19, 2004.  *AR, p. 36.*

8.   Plaintiffs unilaterally enrolled D.W. at Friendship Edison Public Charter School ("FEPCS") for the 2004-2005 school year.  FEPCS is its own Local Education Agency ("LEA").  FEPCS conducted an educational evaluation on August 31, 2004.  *AR, p. 176.*

9.   FEPCS convened a MDT meeting and developed an IEP for D.W. on September 17, 2004.  This IEP was signed by D.W.'s guardian, Marian Murphy.  *AR, p. 63-67.*

10.   On February 5, 2005, Plaintiffs filed a request for a due process hearing alleging that DCPS and FEPCS failed to complete an appropriate IEP, failed to provide an appropriate placement, failed to provide special education services and failed to adhere to the June 24, 2004, Settlement Agreement by not convening a MDT meeting. *AR, p. 429.*

11.   A due process hearing was held on March 8, 2005, before Hearing Officer H. St. Clair, and a Hearing Officer's Determination ("HOD") issued on March 16, 2005. The HOD ordered DCPS to (1) place and fund D.W. at High Road Academy for the balance of the 2004-2005 school year; (2) convene an MDT/IEP/Placement meeting to

review evaluations, review and revise the IEP as appropriate, and discuss and determine placement; and (3) discuss and determine the form, amount and delivery of compensatory education, **if any**, up to the date D.W. matriculated to FEPCS.  *AR, p. 78.*

12.  The hearing officer reserved to the parties any issues concerning compensatory education from the date of D.W.'s matriculation to FEPCS to the present date.  *AR, p. 79.*

13.  A second due process hearing request was submitted on June 30, 2005, alleging that DCPS and FEPCS failed to comply with the March 16, 2005 HOD and failed to provide compensatory education, *inter alia.  AR, p. 326.*

14.  A due process hearing was held on August 18, 2005 before Hearing Officer Charles Jones and a HOD issued September 1, 2005.  The hearing officer found that DCPS violated the March 16, 2005 HOD, and ordered DCPS to (1) conduct a psycho-educational and a neuro-psychological evaluation; (2) convene a MDT/IEP meeting to review the evaluations, review and revise D.W.'s IEP and discuss an appropriate educational placement for the 2005-2006 school year; and (3) provide two years of compensatory education.  *AR, p. 128.*

15.  A third due process hearing was held on September 13, 2005 before Hearing Officer Charles Jones, and a HOD issued September 28, 2005.  The hearing officer concluded that FEPCS did not provide special education services in accordance with D.W.'s IEP.  FEPCS was ordered to develop an appropriate compensatory education plan for D.W. to compensate for seven months of missed services.  *AR, pp. 162-163.*

16.  D.W. attended High Road Academy for the 2005-2006 school year.  *AR, p. 125.*

17.  A psycho-educational evaluation was conducted on January 13, 2006.  *AR, pp. 107-116.*

18.  A neuro-psychological evaluation was conducted on January 5, 2006.  *AR, pp. 101-106.*

19.  High Road Academy convened a MDT/IEP meeting on January 30, 2007.  At the meeting Plaintiffs requested 400 hours of compensatory education.  *AR, 130-131.*

20.  Plaintiffs submitted a fourth due process hearing request on February 6, 2007, alleging that DCPS violated the September 1, 2005 HOD, failed to provide transition services, and failed to provide compensatory education, *inter alia*.  *AR, pp. 11-12.*

21.  A due process hearing was held April 10, 2007, before Hearing Officer DuBow.  During the hearing, Mr. DuBow noted that D.W. went directly from FEPCS to High Road Academy, and did not attend a District of Columbia Public School.  *AR, April 10, 2007 Hearing Transcript, p. 17.*

22.  During the hearing, Mr. DuBow further noted that since D.W. attended FEPCS—which is its own LEA—during the time period covered by the September 1, 2005 HOD, the order that DCPS provide two years of compensatory education was "wrong on its face."  *AR, April 10, 2007 Hearing Transcript, p. 26.*  Mr. DuBow stated:

> Friendship Edison is the one who owes the comp ed, not DCPS.  I can see that from the documents.  I'm not going to do that [implement something that I know is wrong].

*Id., p. 26, line 7-12.*

23.  Noting his prior experience with persons who have testified from High Road Academy in due process hearing held before him, Mr. DuBow took judicial notice of the "uniqueness" of High Road's special education programs, stating:

They take the student and they individualize his program and they keep adjusting this program through the computer already set up that they have at that school…They are constantly modifying the program to meet the needs as the needs change.

*Id., p. 24, line 16-23.*

24.  In the HOD issued April 11, 2007, Hearing Officer DuBow concluded that since D.W.'s last DCPS placement provided special education services, and the guardian's testimony at the August 18, 2005, hearing that D.W. did not receive special education services referred to D.W.'s placement at FEPCS, the September 1, 2005 HOD ordering DCPS to provide two years of compensatory education was in error.  *AR. p. 4.*

25.  Hearing Officer DuBow also concluded that the action for compensatory education should be against FEPCS.  *Id.*

26.  Hearing Officer DuBow further concluded that since D.W. is attending a school with a full-time special education program, which Plaintiffs agree is an appropriate placement for D.W., Plaintiffs failed to meet their burden of proof that the failure of DCPS to conduct a vocational assessment resulted in a denial of a FAPE.  *Id.*

Respectfully submitted,

LINDA SINGER
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich_____*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

/s/ *Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**December 10, 2007**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MARIAN MURPHY, et al.,** | : | |
| | : | |
| **PLAINTIFFS** | : | |
| | : | **Civ. Action No. 07-1241 (RCL)** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

_____

### MEMORANDUM IN SUPPORT OF DEFENDANTS'
### CROSS MOTION FOR SUMMARY JUDGMENT AND
### OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION AND BACKGROUND

Plaintiff D.W. is an 18-year-old resident of the District of Columbia.  He was 17 years old when the Complaint was filed.  *Complaint, para 2, 5; Administrative Record filed herein October 2 and November 2, 2007 ("AR"), p. 15.*

On June 24, 2004, the District of Columbia Public Schools ("DCPS") and Plaintiffs entered into a Settlement Agreement whereby DCPS agreed to fund a psychiatric evaluation and a social history evaluation, conduct a Multidisciplinary Team ("MDT") meeting within 15 days of receipt of the evaluations, update D.W.'s Individualized Educational Program ("IEP") as warranted, discuss and determine placement, issue a placement notice, **discuss** compensatory education, and develop a compensatory education plan, **if warranted**.  *AR, p. 16.*

At the time the Settlement Agreement was executed, D.W. was attending The Village Learning Center Public Charter School ("The Village"), a District of Columbia

charter school. *AR, p. 15.* The Village closed shortly after the Settlement Agreement

was executed. *AR, p. 438.*

Pursuant to the Settlement Agreement, a psychiatric evaluation was conducted on

July 23, 2004, and a social work evaluation was conducted on August 19, 2004. *AR, p.*

*31 and  AR, p. 36, respectively.*

The Village closed sometime during the summer, 2004, and Plaintiffs unilaterally

enrolled D.W. at Friendship Edison Public Charter School ("FEPCS") for the 2004-2005

school year.  FEPCS is its own Local Education Agency ("LEA").

FEPCS conducted an educational evaluation on August 31, 2004 (*AR, p. 176)*,

convened an MDT meeting, and developed an IEP for D.W. on September 17, 2004.

This IEP was signed by D.W.'s guardian, Marian Murphy. *AR, p. 63-67.*

On February 5, 2005, Plaintiffs filed a request for a due process hearing alleging

that DCPS and FEPCS failed to complete an appropriate IEP, failed to provide an

appropriate placement, failed to provide special education services and failed to adhere to

the June 24, 2004, Settlement Agreement by not convening a MDT meeting. *AR, p. 429.*

A due process hearing was held on March 8, 2005 before Hearing Officer H. St.

Clair, and a Hearing Officer's Determination ("HOD") issued on March 16, 2005.  The

HOD ordered DCPS to (1) place and fund D.W. at High Road Academy for the balance

of the 2004-2005 school year; (2) convene an MDT/IEP/Placement meeting to review

evaluations, review and revise the IEP as appropriate, and discuss and determine

placement; and (3) discuss and determine the form, amount and delivery of compensatory

education, **if any**, up to the date D.W. matriculated to FEPCS. *AR, p. 78.*   The hearing

officer reserved to the parties any issues concerning compensatory education from the date of D.W.'s matriculation to FEPCS to the present date. *AR, p. 79.*

A second due process hearing request was submitted on June 30, 2005, alleging that DCPS and FEPCS failed to comply with the March 16, 2005 HOD, and failed to provide compensatory education, *inter alia. AR, p. 326.* The hearing was held on August 18, 2005, before Hearing Officer Charles Jones and a HOD issued September 1, 2005. The hearing officer found that DCPS violated the March 16, 2005 HOD, and ordered DCPS to (1) conduct a psycho-educational and a neuro-psychological evaluation; (2) convene a MDT/IEP meeting to review the evaluations, review and revise D.W.'s IEP and discuss an appropriate educational placement for the 2005-2006 school year; and (3) provide two years of compensatory education. *AR, p. 128.*

A third due process hearing was held on September 13, 2005 before Hearing Officer Charles Jones, and a HOD issued September 28, 2005. The hearing officer concluded that FEPCS did not provide special education services in accordance with D.W.'s IEP. FEPCS was ordered to develop an appropriate compensatory education plan for D.W. to compensate for seven months of missed services. *AR, pp. 162-163.*

D.W. attended High Road Academy for the 2005-2006 school year. *AR, p. 125.* A psycho-educational evaluation was conducted on January 13, 2006 (*AR, pp. 107-116),* and a neuro-psychological evaluation was conducted on January 5, 2006. *AR, pp. 101-106.* High Road Academy convened a MDT/IEP meeting on January 30, 2007. At the meeting Plaintiffs requested 400 hours of compensatory education. *AR, 130-131.*

Plaintiffs submitted a fourth due process hearing request on February 6, 2007, alleging that DCPS violated the September 1, 2005 HOD, failed to provide transition services, and failed to provide compensatory education, *inter alia*. *AR, pp. 11-12.*

A due process hearing was held April 10, 2007 before Hearing Officer S. DuBow. During the hearing, Mr. DuBow noted that D.W. went directly from FEPCS to High Road Academy, and did not attend a District of Columbia Public School. *AR, April 10, 2007 Hearing Transcript, p. 17.* Mr. DuBow further noted that since D.W. attended FEPCS—which is its own LEA—during the time period covered by the September 1, 2005 HOD, the order that DCPS provide two years of compensatory education was "wrong on its face." *AR, April 10, 2007 Hearing Transcript, p. 26.* Mr. DuBow stated:

> Friendship Edison is the one who owes the comp ed, not DCPS. I can see that from the documents. I'm not going to do that [implement something that I know is wrong].

*Id., p. 26, line 7-12.*

In addition, noting his prior experience with persons who have testified from High Road Academy in due process hearing held before him, Mr. DuBow took judicial notice of the "uniqueness" of High Road's special education programs, stating:

> They take the student and they individualize his program and they keep adjusting this program through the computer already set up that they have at that school…They are constantly modifying the program to meet the needs as the needs change.

*Id., p. 24, line 16-23.*

In the HOD issued April 11, 2007, Hearing Officer DuBow concluded that since D.W.'s last DCPS placement provided special education services, and the guardian's testimony at the August 18, 2005 hearing that D.W. did not receive special education services referred to D.W.'s placement at FEPCS, the September 1, 2005 HOD ordering

DCPS to provide two years of compensatory education was in error. *AR. p. 4.* In addition, Mr. DuBow concluded that the action for compensatory education should be against FEPCS. *Id.* Mr. DuBow further concluded that since D.W. is attending a school with a full-time special education program, which Plaintiffs agree is an appropriate placement for D.W., Plaintiffs failed to meet their burden of proof that the failure of DCPS to conduct a vocational assessment resulted in a denial of a FAPE. *Id.* Hearing Officer DuBow dismissed Plaintiffs' complaint. *AR, p. 5.*

Plaintiffs have filed this action seeking reversal of the April 11, 2007 HOD. Plaintiffs' Motion for Summary Judgment ("Motion") appears to include two arguments: (1) There is a rebuttable presumption of harm if a HOD's Orders are not fulfilled. Since the September 1, 2005, HOD ordered DCPS to provide two years of compensatory education, and DCPS did not provide two years of compensatory education, DCPS has "harmed" Plaintiffs, and the April 11, 2007 HOD should have so found; and (2) The September 1, 2005, HOD was final, and Hearing Officer DuBow had no authority to overturn that determination.

## ARGUMENT

### I.    The Standards of Review Applicable in This Case

#### A.  The requirements for summary judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C.Cir. 1994). Although a court should draw all reasonable inferences from the records submitted by the nonmoving party, the mere

existence of a factual dispute, by itself, is insufficient to bar summary judgment.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To be genuine, the issue

must be supported by sufficiently admissible evidence such that a reasonable trier of fact

could find for the nonmoving party; to be material, the factual assertion must be capable

of affecting the substantive outcome of the litigation.  See id.; see also Laningham v. U.S.

Navy, 813 F.2d 1236, 1242-43 (D.C.Cir. 1987).

     In cases such as this, the Individuals with Disabilities Education Improvement

Act, 20 U.S.C. §1400 et seq. ("IDEIA"), dictates that "the court [ ] shall receive the

records of the administrative proceedings; [ ] shall hear additional evidence at the request

of a party; and [ ] basing its decision on the preponderance of the evidence, shall grant

such relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(B).  When (as

here) neither party has requested the court to hear additional evidence, the "motion for

summary judgment is simply the procedural vehicle for asking the judge to decide the

case on the basis of the administrative record." Heather S. v. Wisconsin, 125 F.3d 1045,

1052 (7th Cir. 1997).

## B.  The criteria for review of administrative decisions under IDEIA

     IDEIA provides for judicial review in state or federal court for "[a]ny party

aggrieved by the findings and decision" rendered in a due process hearing.  20 U.S.C.

§1415(i)(2)(A).  In conducting such review, the "preponderance of the evidence"

standard of 20 U.S.C. §1415(i)(2)(B)(iii) "is by no means an invitation to the court to

substitute their own notions of sound educational policy for those of the school

authorities which they review."  Board of Educ. of the Hendrick Hudson Central Sch.

Dist. v. Rowley, 458 U.S. 176, 206 (1982).  Stated differently, the court should not

"reverse the hearing officer's findings simply because [the court] disagree[s] with them." Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Illinois State Board of Educ., 2001 U.S.Dist.LEXIS 6994, *12 (N.D.Ill. March 19, 2001).

The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect. Angevine v. Smith, 292 U.S.App.D.C. 346, 959 F.2d 292, 295 (1992); Kerkam v. McKenzie, 274 U.S.App.D.C. 139, 862 F.2d 884, 887 (1988); Lyons v. Smith, 829 F.Supp. 414, 417 (D.D.C. 1993). While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." Lyons v. Smith, supra, 829 F.Supp. at 418. As recently expressed in S.H. v. State-Operated School Dist. of the City of Newark, 336 F.3d 260, 269-271 (3d Cir. 2003), a district court reviewing an HOD is "required to defer to the ALJ's factual findings unless it can point to contrary non-testimonial extrinsic evidence on the record". This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices. Rowley, supra, 458 U.S. at 207-08.

Accordingly, before this Court may reverse the hearing officer's decision at issue, Plaintiffs must show by a "preponderance of the evidence," giving the hearing officer's finding "due weight," that the hearing officer was wrong.

**II.  The Hearing Officer's April 10, 2007, Determination must be upheld because Plaintiffs have failed to show a loss of educational opportunity.**

Citing Blackman v. District of Columbia, Civil Action No. 97-1629 (D.D.C. August 24, 2006), Plaintiffs argue that there is a rebuttable presumption of harm if a student does not receive timely implementation of a HOD.  DCPS was ordered to

provide two years of compensatory education in a September 1, 2005 HOD.  Since DCPS

did not provide the compensatory education as ordered, Plaintiffs argue, D.W. was

harmed, there was a denial of a FAPE, and the April 10, 2007 HOD which failed to reach

that conclusion should be reversed.  *Motion, pp. 8-9.*  However, Plaintiffs have ignored a

body of law which holds that a procedural violation must result in a loss of educational

opportunity to be considered a denial of a FAPE.

In Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir., 2006), the

Circuit Court of Appeals held:

> An IDEA claim is viable only if those procedural violations affected the student's
> *substantive* rights. See, *e.g.*, Kruvant v. District of Columbia, 99 Fed.Appx. 232,
> 233 (D.C.Cir. 2004) (denying relief under IDEA because "although DCPS admits
> that it failed to satisfy its responsibility to assess [the student] for IDEA eligibility
> within 120 days of her parents' request, the [parents] have not shown that any
> harm resulted from that error"); C.M. v. Bd. of Educ., 128 Fed.Appx. 876, 881
> (3d Cir.2005) (per curiam) ("[O]nly those procedural violations of the IDEA
> which result in loss of educational opportunity or seriously deprive parents of
> their participation rights are actionable."); M.M. ex rel. D.M. v. Sch. Dist., 303
> F.3d 523, 533-34 (4th Cir.2002) ("If a disabled child received (or was offered) a
> FAPE in spite of a technical violation of the IDEA, the school district has fulfilled
> its statutory obligations."); W.G. v. Bd. of Trustees, 960 F.2d 1479, 1484 (9th
> Cir.1992) (rejecting the proposition that procedural flaws " automatically require
> a finding of a denial of a FAPE"); Thomas v. Cincinnati Bd. of Educ., 918 F.2d
> 618, 625 (6th Cir.1990) (rejecting an IDEA claim for technical noncompliance
> with procedural requirements where the alleged violations did not result in a
> "substantive deprivation" of the student's rights); Burke County Bd. of Educ. v.
> Denton, 895 F.2d 973, 982 (4th Cir.1990) (refusing to award compensatory
> education where procedural faults committed by Board did not cause the child to
> lose any educational opportunity).

Thus, in order to find a denial of a FAPE, Plaintiffs must show that DCPS' failure to

provide two years of compensatory education caused D.W. to lose an educational

opportunity.  Not only have Plaintiffs failed to show the loss of educational opportunity,

they did not even argue this point before the hearing officer, nor have they included such

an argument in their Motion.  For that reason alone, Plaintiffs Motion must be denied.

See  Holdzclaw v. District of Columbia, C. A. No. 07-890 at 6 (D.D.C. December 5, 2007), *citing* Shabazz v. Williams, 2004 WL 3571946 at 2 (D.D.C. March 1, 2004) ("an allegation not presented to the independent hearing officer at a due process hearing may not be raised for the first time in this Court.")  See also Cox v. Jenkins, 878 F.2d 414, 419-20 (D.C.Cir. 1989); Shaw v. District of Columbia, 238 F.Supp.2d 127, 140 (D.D.C. 2002).

Moreover, the record clearly shows D.W. has received appropriate special education services since the September 1, 2005 HOD was issued.  D.W. attended High Road Academy for the 2005-2006 and 2006-2007 school years.  He was at High Road when the September 1, 2005 HOD was issued, when the September 28, 2005 HOD issued, and when the April 10, 2007 HOD was issued.  Plaintiffs never alleged, in any of those proceedings, that High Road was an inappropriate placement or was unable to provide special education services for D.W.  *See AR, pp. 245-249, 159-165, April 10, 2007 Hearing Transcript, generally.*

Indeed, in Plaintiffs' June 30, 2005 due process hearing request, they ask for a "stay put" for D.W. to remain at High Road Academy.  *AR, p. 249.*  If Plaintiffs believed High Road was an inappropriate placement or was unable to implement D.W.'s IEP, they never would have made such a request.

At the beginning of the 2005-2006 school year, High Road Academy developed an IEP for D.W.  *AR, pp. 80-100.*  D.W. had a neuro-psychological evaluation and a psycho-educational evaluation in January, 2006.  During the April 10, 2007 due process hearing, D.W.'s guardian testified that D.W. gets 30 minutes of group sessions at High Road each morning.  *April 10, 2007 Hearing Transcript, p. 39.*  She also testified that

she met with D.W.'s teachers sometime in 2006 to discuss D.W.'s progress in reading. *Id., p. 40.* Hearing Officer DuBow discussed his familiarity with the special education program at High Road Academy and took judicial notice that High Road constantly modifies a student's program to meet the student's needs as those needs change. *Id., p. 24.*

Plaintiffs have failed to show that DCPS' failure to provide two years of compensatory education detrimentally impacted D.W.'s educational progress. Accordingly, the April 10, 2007 HOD must be upheld, and Plaintiffs' Motion must be denied.

### III. **Plaintiffs submitted to the jurisdiction of an administrative proceeding; therefore, Hearing Officer DuBow did not exceed his authority.**

Citing 34 C.F.R. §300.516, Plaintiffs argue that "only a court of competent jurisdiction can review a HOD; therefore, it was erroneous for the Hearing Officer in the instant case to vacate and/or overturn a prior HOD entered on September 1, 2005." *Motion, p. 11.* Nevertheless, when DCPS failed to provide two years of compensatory education as ordered by the September 1, 2005 HOD, Plaintiffs did not bring the case before a "court of competent jurisdiction." Plaintiffs **did not** file an action pursuant to Blackman v. District of Columbia, Civ. No. 97-1629 (D.C. Cir. 1999), or file **any** action in Federal court, based on an asserted failure to implement a HOD. Rather, Plaintiffs filed an administrative due process hearing request nearly 18 months after issuance of the September 1, 2005 HOD thereby submitting themselves to the jurisdiction of the Hearing Officer. The fact that Plaintiffs are now challenging the jurisdiction and authority of the Hearing Officer because they did not receive the ruling they wanted is disingenuous.

18

Plaintiffs' February 6, 2007, due process hearing request specifically invited review of the September 1, 2005 HOD.  *AR, pp. 11-12.*  Accordingly, Hearing Officer DuBow did not exceed his authority, and his April 10, 2007, HOD should be upheld.

## CONCLUSION

Plaintiffs have failed to demonstrate that DCPS' failure to provide two years of compensatory education had a detrimental effect on D.W.'s educational progress.  In addition, by filing an administrative due process hearing request, Plaintiffs voluntarily submitted to the jurisdiction and authority of the hearing officer.

The amount of deference given to an administrative hearing officer's decision is based in part on whether the findings reached were "thorough and complete." See, e.g., Adams v. State of Oregon, 195 F.3d 1141, 1145 (9th Cir. 1999).  See also S.H. v. State-Operated School Dist. of the City of Newark, 336 F.3d 260, 270 (3d Cir. 2003).  In this case, the administrative findings and conclusions were both thorough and complete, were legally correct, and should be summarily affirmed.

Respectfully submitted,

LINDA SINGER
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

_/s/ Veronica A. Porter_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**December 10, 2007**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    :
**MARIAN MURPHY, et al.,**                    :
                                                    :
        **PLAINTIFFS**                          :
                                                    :        **Civ. Action No. 07-1241 (RCL)**
        **v.**                                      :
                                                    :
**DISTRICT OF COLUMBIA, et al.,**          :
                                                    :
        **DEFENDANTS.**                        :
_____

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**STATEMENT OF UNDISPUTED FACTS**

(Paragraph numbers correspond to the paragraph numbers in Plaintiffs' statement
of material facts.)

2.  The pages referenced in Plaintiffs' "Statement of Undisputed Facts"
("Statement") do not support the allegation in paragraph 2.  Nonetheless, Defendants
agree that D.W. attended a District of Columbia Public School ("DCPS") immediately
prior to his attending Friendship Edison Public Charter School ("FEPCS").

3.  Specifically, the March 16, 2005, Hearing Officer's Determination ("HOD")
ordered DCPS to discuss and determine the form, amount and delivery of compensatory
education, **if any.**  This qualifier is important because it demonstrates that the hearing
officer did not believe that compensatory education was necessarily warranted.

4.  DCPS did comply with the March 16, 2005 HOD by placing and funding
D.W. at High Road Academy.

5.  This statement is technically true.  However, it is Defendants' position that the
September 1, 2005 HOD ordering DCPS to provide two years of compensatory education

was entered in error. D.W. was attending FEPCS, a non-DCPS school acting as its own

LEA, during the time period covered by the September 1, 2005 HOD. *AR, pp. 74-79.*

Moreover, in a September 28, 2005, HOD this same Hearing Officer concluded that

FEPCS denied D.W. a FAPE in failing to implement his IEP. *AR, 159 -165.*

7.  The content of the December 29, 2005, neuro-psychological evaluation was

not discussed at the April 10, 2007 hearing, is not addressed in Plaintiffs' argument, and

is immaterial. This allegation is not a genuine issue that will prohibit the Court from

issuing a ruling on the parties' dispositive motions.

8.  The content of the December 29, 2005, psycho-educational evaluation was not

discussed at the April 10, 2007 hearing, is not addressed in Plaintiffs' argument, and is

immaterial. This allegation is not a genuine issue that will prohibit the Court from issue a

ruling on the parties' dispositive motions.

9.  DCPS' non-participation in the January 30, 2007 IEP meeting did not prevent

the meeting from going forward. D.W. was attending High Road Academy at the time, a

private, full-time special education facility, and High Road was responsible for revising

D.W.'s IEP.

10.  The complaint did contain the allegations listed in Plaintiffs' paragraph 10.

Nevertheless, the only issues addressed during the April 10, 2007 hearing were whether

DCPS owed D.W. compensatory education, and whether there was a denial of a FAPE

because High Road did not conduct a vocational assessment. Accordingly, the remaining

issues are immaterial and should not factor into the Court's decision-making process.

12.  In response to the allegation regarding the two years of compensatory

education, see paragraph five above. As to the allegation concerning triennials, see

paragraph ten above. In response to the remaining allegations, D.W. has not attended a DCPS since June, 2004. He attended FEPCS from the beginning of the 2004-2005 school year until March 16, 2005, when he transferred to High Road Academy. Therefore, it was not DCPS' responsibility to develop an IEP after June, 2004. *AR, pp. 178, 78.*

13. There is **no** evidence in the record showing that the compensatory education awarded in the September 1, 2005 HOD was premised on a denial of a FAPE while D.W. was attending Backus Middle School.

14. The pages referenced by Plaintiffs do not support this allegation.

15 and 16. These are not statements of fact but are Plaintiffs conclusions of law. This Court will determine whether the hearing officer exceeded his authority.

Respectfully submitted,

LINDA SINGER
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**December 10, 2007**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————
                                                    :
**MARIAN MURPHY, et al.,**                          :
                                                    :
    **PLAINTIFFS**                                   :
                                                    :        **Civ. Action No. 07-1241 (RCL)**
        **vi.**                                      :
                                                    :
**DISTRICT OF COLUMBIA, et al.,**                   :
                                                    :
    **DEFENDANTS.**                                  :
—————————————————————


## **ORDER**

On consideration of Defendants' cross motion for summary judgment and opposition to Plaintiffs' motion for summary judgment, the response thereto and the record in this proceeding, it is, this _____ day of _____, 2007,

**ORDERED**, That Defendants' cross motion for summary judgment is GRANTED; it is

**FURTHER ORDERED**, That the April 11, 2007, hearing officer's decision is affirmed; and it is

**FURTHER ORDERED**, That Plaintiffs' complaint herein is dismissed with prejudice.


                                    _____
                                    U.S. DISTRICT COURT JUDGE