## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARIAN MURPHY, et al** | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **Civil Action No. 07-1241 (RCL)** |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants(s) | * | |

**************************************

### OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiffs, D.W. and Marian Murphy, by and through their attorneys

Fatmata Barrie and LAW OFFI CES OF CHRISTOPHER N. ANWHA, hereby moves this

Honorable Court for summary judgment in favor of the Plaintiff as to all counts and to deny

Defendants' cross motion for summary judgment. As reasons therefore, Plaintiffs will establish

that there exist no triable issues of material fact and that Plaintiffs are entitled to judgment as a

matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof,

Plaintiffs, incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to grant this Motion and enter

summary judgment in favor of Plaintiffs as to all counts of the complaint and deny Defendants'

cross motion for summary judgment.

Respectfully submitted
LAW OFFICES OF CHRISTOPHER N. ANWAH.


By: _/s/    Fatmata Barrie    /s/_____
        Fatmata Barrie, Bar #485122
        LAW OFFICES OF CHRISTOPHER N. ANWAH
        10 R Street, NE
        Washington, D.C. 20002
        Phone: (202) 626-0040
        Fax: (202) 626-0048
        Email: fbarrie@verizon.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MARIAN MURPHY, et al**           *
         Plaintiffs           *
                         *

    v.           *           **Civil Action No. 07-1241 (RCL)**
                         *

                         *
**DISTRICT OF COLUMBIA, et al**           *
         Defendants(s)           *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITIONTO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

For reasons set forth herein, Plaintiffs are entitled to summary judgment as to all counts and the defendants' motion for summary judgment should be denied. The undisputed material facts of this case will establish, inter alia, that (i) the Plaintiff at the time the complaint was initially filed was eligible for special education services, (ii) DCPS failed to comply with the 09/01/05 HOD and continue to not comply with it; (iii) DCPS violated IDEA by failing to complete the student's triennial evaluations; (iv) DCPS failed to provide D.W. with an appropriate IEP for the 2004-05SY, 2005-06SY and 2006-07-SY as his IEP expired and DCPS failed to complete a new IEP since 10/11/05; (v) DCPS failed to provide D.W. with appropriate special education and related services; (vi) DCPS failed to provide appropriate transition services as D.W. had not been provided a vocational assessment as part of the transition services federally mandated by the IDEA.; and (vii) the hearing examiner exceeded his authority in overturning another hearing officer's order.

On these controlling points there exist no genuine issue of material facts and accordingly, Plaintiffs are entitled to summary judgment as a matter of law.

## UNDISPUTED FACTS

1.      D.W. is an African American male residing in the District of Columbia born on September 20, 1989.

2.      D.W. attended Backus Middle School in the District of Columbia Public Schools prior to his attendance at Friendship Edison Public Charter School.

3.      On March 16, 2005 a Hearing Officer's Determination (HOD) was entered which inter alia placed D.W. at High Road Academy and ordered DCPS to make a determination as to compensatory education up to the date the student matriculated to Friendship Edison Public Charter School ("FEPCS"). (AR.78-79) DCPS failed to comply with the March 16, 2005 HOD warranting parent to file a new due process complaint for DCPS' failure to comply with the 3/16/05 HOD.

4.       On or about September 1, 2005, a HOD was issued which ordered DCPS to conduct a psycho-educational evaluation and neuro-psychological evaluation of D.W. within thirty (30) days, otherwise the plaintiff was authorized to obtain independent evaluations at DCPS expense; that DCPS would convene a MDT / IEP meeting within fifteen (15) school days upon receipt of these evaluations; and that DCPS was to provide two (2) years of compensatory education for D.W. for his missed services, in the form of one-on-one tutoring and other appropriate relief. (AR.125-129) However, DCPS never provided this compensatory education for D.W as ordered by the 9/1/05 HOD. Unlike Defendants' misleading facts, the September 28, 2005 HOD addressed Friendship's liability for failure to provide services for the seven months that DW attended Friendship. (AR. 162-163)

5.      On or about October 11, 2005, a MDT / IEP meeting was convened to update D.W.'s IEP. This IEP provided D.W. with twenty-six (26) hours of specialized instruction per week, as well as 1.5 hours of psychosocial counseling per week. The parent and advocate requested compensatory education as ordered by the 09/01/05 HOD, in the form of 400 hours of

compensatory education to include one-on-one tutoring in math and English. However, DCPS was unavailable to discuss the amount of compensatory education due to D.W.  (AR.80-92 & AR.93-95)

6.      On 12/29/05, an independent neuropsychological evaluation was completed and the report was written on 01/05/06. This evaluation showed that D.W. was functioning within borderline to low – average ability in visual scanning of numbers and letters; deficient to borderline ability in design fluency; shifting deficits in color word inference; deficient to low average ability in memory scale; and significant impairments in sorting test. The evaluation indicated that D.W.'s low functioning in these areas was correlated to his difficulties in maintaining attention to the tests, symptomatic of his ADHD. This evaluation further diagnosed D.W. as having Cognitive Disorder, ADHD, and a Learning Disorder.  (AR.101-106H).

7.      On 12/29/05, an independent psycho-educational evaluation was performed and the report written on 01/13/06. The evaluation determined that D.W.'s processing speed, ability in mathematics, and perceptual motor functioning all measured in the low-average range. The evaluation recommended that D.W. remain in a small-group educational setting with individualized instruction, and recommended both clinical and neuropsychological assessments. (AR.107-116)

8.      A MDT / IEP meeting was convened for D.W. on 01/30/07, to develop his annual IEP and to discuss compensatory education. This MDT meeting was unable to be completed because DCPS did not provide a school psychologist to review the independent psycho-educational and neuropsychological evaluations, which were provided to DCPS by the plaintiff on 02/11/06.  (AR.130-131 & AR.119-120)

9.      As a result of all of the above violations and denials of appropriate services, the parent through counsel filed a due process complaint on 02/06/07. This complaint alleged that DCPS

had violated the 09/01/05 HOD by failing to timely convene the MDT meeting and provide him with compensatory education, failed to update D.W.'s triennials, failed to provide D.W. with an appropriate IEP for the 2004-05SY, 2005-06SY and 2006-07-SY as his IEP expired and DCPS failed to complete a new IEP since 10/11/05, failed to complete a comprehensive psychological evaluation, failed to provide D.W. with appropriate special education and related services, and failed to provide appropriate transition services as D.W. had not been provided a vocational assessment as part of transitions services federally mandated by the IDEA. (AR.9-14)

10.     On 04/10/07, the hearing was convened and for the hearing, the parent through counsel disclosed as evidence to include but not limited to the 09/01/05 HOD, the 03/16/05 HOD, the 01/30/07 MDT / IEP meeting notes, letters to DCPS requesting evaluations, the student's 10/11/05 IEP, and the 01/05/06 neuropsychological and 01/13/06 psycho-educational evaluations. DCPS counsel disclosed, to include but not limited to the 03/16/05 HOD.

11.     During the hearing, parent's counsel argued that DCPS violated the 09/01/05 HOD because the two years of compensatory education ordered have not been provided, that DCPS had failed to update D.W.'s triennials because it has not completed all of the required evaluations, that DCPS had failed to develop an appropriate IEP for D.W. as his 10/11/05 IEP had expired and no new IEP was developed at the 01/30/07 MDT meeting, that DCPS had not provided D.W. with appropriate special education and related services because the current IEP had expired and was no longer reflective of his needs, that DCPS had further denied D.W. FAPE by failing to perform a vocational assessment, and DCPS had not provided the student with compensatory education for its past and present denial of FAPE.

12.     During the hearing on April 10, 2007, DCPS did not provide any documentation to show that they had provided the student with the compensatory education ordered in the 09/01/05

HOD, nor did they provide evidence that they had conducted a vocational assessment to determine the student's appropriate transition goals or services. Nonetheless, the hearing officer erroneously overruled the 09/01/05 HOD despite the lack of authority to do so and despite the evidence in the record that the compensatory education award entered on 9/1/05 was premised on the denial of FAPE while D.W. was attending a Backus Middle School prior to his attendance at FEPCS.

13.     On 04/11/07, the hearing officer issued a determination in which he dismissed the claim against DCPS, even though DCPS still had not provided D.W. with the compensatory education awarded to him by the 09/01/05 HOD and had also not provided D.W. with an appropriate IEP, updated triennial evaluations, or necessary transition services by providing a vocational assessment. Moreover, the hearing officer made a finding about the student's placement at Backus MS, where such issue was not before him because it was previously litigated and a HOD ensued from the litigation awarding 2 years of compensatory education to D.W. and placing the student at High Road.  (AR.2-5)

## ARGUMENT
## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered for the moving party when there is no genuine issue of material fact. In ruling on a motion for summary judgment, the trial court addresses two issues: (1) whether the pleading, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine dispute as to any material fact and (2) whether the movant is entitled to judgment as a matter of law. In addition, inferences to be drawn from underlying facts must be viewed in the light most favorable to the opposing party, and even if it is unlikely that the opposing party will not prevail at trial. _Harlow v. Fitzgerald_, 457 U.S. 800 (1982).

In decision interpreting Rule 56, the United States Supreme Court has disapproved any continued reluctance by trial courts to grant summary judgment in appropriate cases stating:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the [rules of procedure] which are designed "to secure the just, speedy and inexpensive determination of every action."

_Celotex Corp. v. Cartarett_, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986)(citations omitted)

## **BACKGROUND**

D.W. is an African American male residing in the District of Columbia born on September 20, 1989. On March 16, 2005 a Hearing Officer's Determination (HOD) was entered which inter lia placed D.W. at High Road Academy and ordered DCPS to make a determination as to compensatory education up to the date the student matriculated to Friendship Edison Public Charter School ("FEPCS"). (AR.78-79) DCPS failed to comply with the March 16, 2005 HOD warranting parent to file a new due process complaint for DCPS' failure to comply with the 3/16/05 HOD. Although there was an HOD issued on 09/28/05 against Friendship, that is not at issue here but a distraction from the fact that a 09/01/05 HOD was violated by DCPS because they failed to provide the ordered compensatory education services.

On or about September 1, 2005, a HOD was issued which ordered DCPS to conduct a psycho-educational evaluation and neuro-psychological evaluation of D.W. within thirty (30) days, otherwise the plaintiff was authorized to obtain independent evaluations at DCPS expense; that DCPS would convene a MDT / IEP meeting within fifteen (15) school days upon receipt of these evaluations; and that DCPS was to provide two (2) years of compensatory education for D.W. for his missed services, in the form of one-on-one tutoring and other appropriate relief. (AR.125-129) However, DCPS never provided this compensatory education for D.W as ordered by the 9/1/05 HOD. Unlike Defendants' misleading facts, the September 28, 2005 HOD

addressed Friendship's liability for failure to provide services for the seven months that DW

attended Friendship. (AR. 162-163)

On or about October 11, 2005, a MDT / IEP meeting was convened to update D.W.'s

IEP. This IEP provided D.W. with twenty-six (26) hours of specialized instruction per week, as

well as 1.5 hours of psychosocial counseling per week. The parent and advocate requested

compensatory education as ordered by the 09/01/05 HOD, in the form of 400 hours of

compensatory education to include one-on-one tutoring in math and English. However, DCPS

was unavailable to discuss the amount of compensatory education due to D.W.  (AR.80-92 &

AR.93-95)

On 12/29/05, an independent neuropsychological evaluation was completed and the

report was written on 01/05/06. This evaluation showed that D.W. was functioning within

borderline to low – average ability in visual scanning of numbers and letters; deficient to

borderline ability in design fluency; shifting deficits in color word inference; deficient to low

average ability in memory scale; and significant impairments in sorting test. The evaluation

indicated that D.W.'s low functioning in these areas was correlated to his difficulties in

maintaining attention to the tests, symptomatic of his ADHD. This evaluation further diagnosed

D.W. as having Cognitive Disorder, ADHD, and a Learning Disorder.  (AR.101-106).

On 12/29/05, an independent psycho-educational evaluation was performed and the

report written on 01/13/06. The evaluation determined that D.W.'s processing speed, ability in

mathematics, and perceptual motor functioning all measured in the low-average range.  The

evaluation recommended that D.W. remain in a small-group educational setting with

individualized instruction, and recommended both clinical and neuropsychological assessments.

(AR.107-116)

A MDT / IEP meeting was convened for D.W. on 01/30/07, to develop his annual IEP

and to discuss compensatory education. This MDT meeting was unable to be completed because DCPS did not provide a school psychologist to review the independent psycho-educational and neuropsychological evaluations, which were provided to DCPS by the plaintiff on 02/11/06. (AR.130-131 & AR.119-120)

As a result of all of the above violations and denials of appropriate services, the parent through counsel filed a due process complaint on 02/06/07. This complaint alleged that DCPS had violated the 09/01/05 HOD by failing to timely convene the MDT meeting and provide him with compensatory education, failed to update D.W.'s triennials, failed to provide D.W. with an appropriate IEP for the 2004-05SY, 2005-06SY and 2006-07-SY as his IEP expired and DCPS failed to complete a new IEP since 10/11/05, failed to complete a comprehensive psychological evaluation, failed to provide D.W. with appropriate special education and related services, and failed to provide appropriate transition services as D.W. had not been provided a vocational assessment as part of transitions services federally mandated by the IDEA.

(AR.9-14)

On 04/10/07, the hearing was convened and for the hearing, the parent through counsel disclosed as evidence to include but not limited to the 09/01/05 HOD, the 03/16/05 HOD, the 01/30/07 MDT / IEP meeting notes, letters to DCPS requesting evaluations, the student's 10/11/05 IEP, and the 01/05/06 neuropsychological and 01/13/06 psycho-educational evaluations. DCPS counsel disclosed, to include but not limited to the 03/16/05 HOD.

During the hearing, parent's counsel argued that DCPS violated the 09/01/05 HOD because the two years of compensatory education ordered have not been provided, that DCPS had failed to update D.W.'s triennials because it has not completed all of the required evaluations, that DCPS had failed to develop an appropriate IEP for D.W. as his 10/11/05 IEP had expired and no new IEP was developed at the 01/30/07 MDT meeting, that DCPS had not

provided D.W. with appropriate special education and related services because the current IEP had expired and was no longer reflective of his needs, that DCPS had further denied D.W. FAPE by failing to perform a vocational assessment, and DCPS had not provided the student with compensatory education for its past and present denial of FAPE.

During the hearing on April 10, 2007, DCPS did not provide any documentation to show that they had provided the student with the compensatory education ordered in the 09/01/05 HOD, or rebut the presumption of harm nor did they provide evidence that they had conducted a vocational assessment to determine the student's appropriate transition goals or services. Nonetheless, the hearing officer erroneously overruled the 09/01/05 HOD despite the lack of authority to do so and despite the evidence in the record that the compensatory education award entered on 9/1/05 was premised on the denial of FAPE while D.W. was attending Backus Middle School prior to his attendance at FEPCS.

On 04/11/07, the hearing officer issued a determination in which he dismissed the claim against DCPS, even though DCPS still had not provided D.W. with the compensatory education awarded to him by the 09/01/05 HOD and had also not provided D.W. with an appropriate IEP, updated triennial evaluations, or necessary transition services by providing a vocational assessment. Moreover, the hearing officer made a finding about the student's placement at Backus MS, where such issue was not before him because it was previously litigated and a HOD ensued from the litigation awarding 2 years of compensatory education to D.W. and placing the student at High Road.  (AR.2-5)

Defendants' facts did not state that although D.W. attended Friendship, he also attended Backus Middle School prior to his attendance at Friendship and as a result, DCPS owed him the compensatory education for failures to provide him with the appropriate services during his attendance at DC schools.

Although Defendants stated that the hearing officer took judicial notice of the services provided by High Road that is not the issue in this case. The issue is not whether High Road was or is an appropriate placement but rather whether, *inter alia*, DCPS complied with the HOD by providing the compensatory education. As a result, this argument is irrelevant. The fact that Defendants quoted the hearing officer in his statement that he thought the compensatory education was to be against the charter school clearly shows the fact that the hearing officer exceeded his authority by overturning another hearing officer's decision. Additionally, Defendants made erroneous statement that the 09/01/05 HOD covered the period that D.W. was attending Friendship.

In fact Defendants contradicted themselves because in their facts on page 12, they indicated that the 09/01/05 HOD covered the time period that D.W. attended Friendship, but then on page 11, Defendants indicated that the HOD dated 09/28/05 covered the time in which D.W. was attending Friendship. So which is it? According to Defendant's own facts, the March 2005 HOD ordered DCPS to convene a meeting to determine compensatory education for the time period prior to D.W.'s matriculation into Friendship. If that is the case how then can the Defendants make the argument that the hearing officer is correct that the 09/01/05 HOD covered D.W.'s time at Friendship? Therefore, as clearly indicated the facts do not support the Defendants' argument.

Furthermore, although Defendants state that Plaintiff did not provide proof of a harm because the vocational was not completed and cited to case law addressing procedural violations, the court should take note that the cases that the Defendants cited to do not apply to the case at hand. In fact in all the cases that Defendants cited to, the district provided the services, albeit late and as a result, the courts found that since the services were provided, the violations were just procedural. However, in this case, DCPS never provided any of the services and as a result,

it is more than just procedural because lack of provision of services, ie transition services, is substantive not procedural.  Therefore, DCPS has denied the student a FAPE.

### A.    THE APRIL 10, 2007 HOD MUST BE REVERSED BECAUSE THE DEFENDANTS' DID NOT REBUT THE PRESUMPTION OF HARM

On July 26, 2006, DCPS entered into a Consent Decree as a result of the class action suit *Blackman v. District of Columbia,* Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006) and on August 24, 2006, the court approved it.  According to the Blackman/Jones Consent Decree "this Consent Decree establishes a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs." (Blackman/Jones Consent Decree, ¶ 74 at 39)  Since DCPS failed to convene the meeting within the appropriate time frame and failed to provide him with the two years compensatory education services, DCPS is in violation of the Consent Decree.  Although defendants state that the Plaintiff must show a loss of educational opportunity, the Consent Decree has already found that there is a presumption of a harm and the burden then shifts unto the Defendants to rebut that presumption.  Therefore, since Defendants, in their cross motion did not provide any evidence to rebut the presumption of a harm, then there is a denial of a FAPE.

Additionally, the cases the Defendants cited are distinguishable from the instant case in that the issues in the instant case are not procedural as the compensatory education awarded by the HOD is not procedural but substantive as it is services that the school system refused to provide.  In *Eric David Olson, et al., Plaintiffs v. Robinsdale Area Schools, et al., Defendants, Civil No. 04-2702 (D. Minn. 2004)*, the court found that:

> Where a school district has refused to implement a hearing officer's decision, courts generally find irreparable harm. The injury is actual and imminent because the student is currently being deprived of the free appropriate public education to which he or she is entitled under the Individuals with Disabilities Education Act.

In this case, Defendants blatantly refused to comply with the HOD and have yet to provide the student with the ordered compensatory education.

Defendants also argue that since the student attended High Road and the Plaintiff wanted D.W. to remain at High Road, then that means there was no harm.  However, according to Reid ex rel. Reld v. District of Columbia, 401 F.3d 516 (D.C. Cir. 2005), "the district court should not have assumed that the Accotink Academy placement, based as it was only on Rowley, provided compensation.  If anything, at summary judgment the court should have assumed the opposite, requiring DCPS to offer proof that the placement compensated for prior denials in addition to providing some benefit going forward."  However, contrary to Reid, DCPS is now asking this court to decide that since D.W. attended a private school that excuses them from providing the required compensatory education.

Although DCPS cited to Lesesne v. District of Columbia, 447 F.3s 828, 834 (D.C. Cir., 2006), this case is distinguishable because in Lesesne, the court found that Lesesne interfered with the DCPS' efforts to test B.F. and that Lesesene and her attorney did not respond to several requests for a meeting to complete an IEP and that DCPS did in fact complete the testing and completed an IEP for B.F.  However, in this case, not only has DCPS not shown any evidence of any attempts to provide the compensatory education awarded but rather the DCPS has blatantly refused to provide the compensatory education awarded.

Additionally, Kruvant v. District of Columbia, 99 Fed.Appx. 232, 233 (D.C.Cir. 2004) is also distinguishable because in Kruvant, the issue was whether there was a denial when the DCPS failed to evaluate the student within the 120 days and failed to determine the student eligible as a Learning Disabled student.  Although the court stated that the parents did not show a harm as a result of the DCPS not adhering to the 120 day time line, it was because the student was not found eligible for services and as a result, any delay in completing the evaluations was

not a harm.  However, in this case, DW has been determined to be in need of special education and has been determined to be owed compensatory education and the services have yet to be provided.

Furthermore, <u>C.M. v. Bd of Educ.</u>, 128 Fed.Appx. 876, 881 (3d Cir. 2005), M.M. ex rel. D.M. v. Sch. Dist., 303 F.3d 523. 533-34 (4th Cir. 2002), etc. are all distinguishable because they deal with procedural violations whereas, in this case, failure to provide actual services is not procedural but substantive.  Therefore, the cases cited by the Defendants do not apply to this case at hand as failure to provide the compensatory education awarded is failure to provide actual services.

**B.     HEARING OFFICER EXCEEDED HIS AUTHORITY IN OVERRULING THE 09/01/05 HOD**

According to 34 CFR 300.513, a hearing officer's decision must be based on substantive grounds.  Nothing in this section allows a hearing officer to base his decision on whether a previous hearing officer's order was erroneous.  Therefore, this hearing officer did not make his decision based on the issues at hand but rather on his bias through process.  According to 34 CFR 300.516, "any party aggrieved by the findings and decision . . . has the right to bring a civil action with respect to the due process complaint notice requesting due process hearing . . .  The action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy."  The section further allows the aggrieved party 90 days to appeal the decision.  However, DCPS did not appeal the 09/01/05 HOD and as such waived any right to the reconsideration of the HOD.  Furthermore, according to 300.516, only a court of competent jurisdiction can reconsider the HOD not a hearing officer. Although the Defendants claim that the Plaintiffs submitted to the hearing officer's jurisdiction, Defendant's analysis is erroneous as the filing was not for an administrative review as DCPS

does not have a reviewing step in their system. Therefore, the filing of the complaint was not a request for the hearing officer to retry the original case. As such, since DCPS does not have any venue for review of HODs, the hearing officer did not have the authority to overturn the 09/01/05 HOD. Additionally, as explained at the hearing by parent's counsel and per Defendants' facts, the award of compensatory education was for the denial of a FAPE when D.W. attended a DC Public School not for his time at Friendship.

In fact the 09/01/05 HOD and the 09/28/05 HOD were as a result of one due process complaint but the issues were bifurcated. The first HOD was issued against DCPS and the second against Friendship and each addressed the failures to provide a FAPE by each LEA. As such this clearly shows the lack of merit in the Defendants' argument since Defendants state in their motion that the 09/28/05 HOD ordered compensatory education for the seven months of lack of services at Friendship. Therefore, the hearing officer's analysis was erroneous on all levels because his role was to make a finding of whether DCPS had provided the ordered compensatory education hours, whether DCPS had completed the appropriate evaluations, triennials, or provided the appropriate transition services. However, the hearing officer did not address those issues but made a decision by unilaterally retrying the original hearing.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to grant plaintiff's motion for summary judgment, deny Defendants' cross motion and issue an order directing DCPS to provide the student with the ordered compensatory education. In addition, plaintiff requests that the Court set aside the HOD as incorrect because it contravenes the spirit of the Act and order DCPS to fund the two-year compensatory education. Furthermore, the court should grant the Plaintiff's request for attorneys' fees and costs for this action and the administrative proceedings.

THE LAW OFFICES OF CHRISTOPHER N ANWAH

By:      */s/Fatmata Barrie/s/*

Fatmata Barrie, Bar #485122
LAW OFFICES OF CHRISTOPHER N. ANWAH
10 R Street, NE
Washington, D.C. 20002
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: fbarrie@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY certify that copies of the foregoing motion were electronically filed on February 11, 2008 and the court would notify parties using Court's e-file system.

_____*/s/FatmataBarrie/s/*_____
Fatmata Barrie

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **MARIAN MURPHY, et al** | * |
| | * |
| **Plaintiff** | * |
| | *     **Civil Action No. 07-1241 (RCL)** |
| **v.** | * |
| | * |
| **DISTRICT OF COLUMBIA, et al** | * |
| | * |
| **Defendants** | * |

_____

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NOT GENUINE ISSUE

(The paragraph numbers correspond with the Defendants' statement of material facts.)

12.  When Defendants say "to the parties" it should be clarified that the statement refers to Friendship and the Plaintiffs.

14.  Defendant agrees that a due process hearing took place on August 18, 2005; however, the issues were bifurcated and as a result, only DCPS' portion proceeded that day and FEPCS' portion proceeded at a later date.

15. Defendants agree that the due process hearing took place on September 13, 2005; however, that case proceeded against FEPCS alone and was as a result of the June 30, 2005 due process complaint and based on the March 16, 2005 HOD, awarded compensatory education for failure to provide services during D.W.'s time at FEPCS. (AR. 165-169)

20.  Defendants agree that a due process hearing request was filed on 02/06/07 but the record number does not correspond and it was not the fourth but the third because the

last two hearings were based on one due process complaint notice that was bifurcated. (AR. 9-14)

22. Defendant agrees that the hearing officer made such a statement but it was erroneous as the 09/1/05 order was based on DCPS' failure to provide D.W. with services prior to his **matriculation** into Friendship as per the March 2005 HOD.  (AR. 74-79 & 125-129)

23. The fact may be technically true but it is irrelevant as programming at High Road has nothing to do with whether DCPS complied with the 09/01/05 HOD.

24. Although it might be technically true that Mr. DuBow made such a statement, it is an untrue statement since the issue against DCPS at the time dealt with denial while D.W. was attending DC schools, not Friendship as erroneously decided by the hearing officer.

25. That is a true statement that the hearing officer made; however, the decision was erroneous as he cannot overturn another hearing officer's decision.

26. Technically a finding made by Mr. DuBow but failure to provide transition services is not procedural but substantive.

Respectfully submitted
LAW OFFICES OF CHRISTOPHER N. ANWAH.


By:   _/s/    Fatmata Barrie   /s/_____
        Fatmata Barrie, Bar #485122
        LAW OFFICES OF CHRISTOPHER N. ANWAH
        10 R Street, NE
        Washington, D.C. 20002
        Phone: (202) 626-0040
        Fax: (202) 626-0048
        Email: fbarrie@verizon.net

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **MARIAN MURPHY, et al** | * |
| | * |
| **Plaintiff** | * |
| | *     **Civil Action No. 07-1241 (RCL)** |
| **v.** | * |
| | * |
| **DISTRICT OF COLUMBIA, et al** | * |
| | * |
| **Defendants** | * |

_____

### PLAINTIFFS' RESPONSE TO DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

(Paragraphs correspond to Defendants' number of statement of facts in response to Plaintiffs' statement of undisputed facts.)

4. DCPS did not comply with the March 16, 2005 HOD because DCPS did not convene the meeting to make a determination as to the need for compensatory education for the time period prior to D.W.'s matriculation into Friendship.

5. The September 1, 2005 HOD was not entered in error as the same hearing officer entered two different HODs against two different LEAs with distinctly two different awards based on the length of denial, ie 09/28/05 HOD against Friendship = 7 months of denial as opposed to the 09/01/05 HOD against DCPS = 2 years for the denial of FAPE.

7. The December 29, 2005 neuropsychological is relevant in that it shows the deficiency of the D.W.'s skills which contradicts Defendants' argument that he made progress.

8. The December 29, 2005 HOD is relevant because it again shows the deficiency of D.W.'s skills and it was discussed both in the complaint and the summary judgment.

9.  DCPS' lack of participation did prevent the meeting from moving forward as IDEA clearly puts the ownness on the LEA to make sure that all IEP meetings are held for children including those in private schools.

10. The issues of triennials, vocational, services and compensatory education were addressed by counsel but Mr. DuBow chose to ignore parent's counsel's arguments.

12. In response to Defendants' response, see paragraphs 9-10 above.

13. There is evidence that the 09/01/05 HOD was as a result of the violations during his time in a DC public school because the 09/01/05 HOD was as a result of DCPS' failure to adhere with the 03/16/05 HOD which ordered DCPS to determine the need for compensatory education for the time prior to D.W.'s matriculation into Friednship.

14. Not sure exactly whether Defendant is denying to acknowledging.

15. Not sure exactly whether Defendant is denying to acknowledging.


THE LAW OFFICES OF CHRISTOPHER N ANWAH


By:        /s/Fatmata Barrie/s/
          _____

          Fatmata Barrie, Bar #485122
          LAW OFFICES OF CHRISTOPHER N. ANWAH
          10 R Street, NE
          Washington, D.C. 20002
          Phone: (202) 626-0040
          Fax: (202) 626-0048
          Email: fbarrie@verizon.net

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **MARIAN MURPHY, et al** | * |
| | * |
| **Plaintiff** | * |
| | *     **Civil Action No. 07-1241 (RCL)** |
| **v.** | * |
| | * |
| **DISTRICT OF COLUMBIA, et al** | * |
| | * |
| **Defendants** | * |

_____

## ORDER

**UPON CONSIDERATION** of Plaintiffs' Opposition to Defendants' Cross Motion for Summary Judgment and Defendant's Oppositions thereto, it is hereby this _____ day of _____ 2008:

**ORDERED** that Plaintiffs' Motion be and is hereby GRANTED, and it is

**FURTHER ORDERED** Defendants' Cross Motion is hereby Denied and it

**FURTHER ORDERED** that the April 11, 2007 Hearing Officer's Determination is hereby reversed, and it is

**FURTHER ORDERED** that the student is awarded the two years of compensatory education and it is

**FURTHER ORDERED** that the hearing officer exceeded his authority in overturning another hearing officer's decision

**FURTHER ORDERED** that Plaintiff is awarded attorney fees for this action and the administrative action

**FURTHER ORDERED** _____

_____

_____ **SO ORDERED**


                                   _____
                                              JUDGE