UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIAN MURPHY, et al., | : |
| PLAINTIFFS, | : |
| v. | : Civ. Action No. 07-1241 (RCL) |
| DISTRICT OF COLUMBIA, et al., | : |
| DEFENDANTS. | : |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs filed a motion for summary judgment on November 6, 2007. Defendants filed a "Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment" ("Motion") on December 10, 2007. Plaintiffs filed an "Opposition to Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment" ("Opposition") on February 11, 2008.

In Plaintiffs' Opposition—which should have been designated as an *opposition and reply*—Plaintiffs have inexplicably included a section titled "Undisputed Facts" (Opposition, pp. 2-6), which, with one exception, is virtually identical to the "Statement of Undisputed Facts" Plaintiffs included in their motion for summary judgment. The exception may be found in paragraph 4, where Plaintiffs state, "unlike Defendants' *misleading facts*, the September 28, 2005 HOD addressed Friendship's liability for failure to provide services for the seven months that DW attended Friendship." *Opposition, p. 3.* (Emphasis added.) Defendants certainly did not intend to "mislead" the

1

Court, and are puzzled by Plaintiffs' reference to any "misleading facts." Indeed, Defendants included this same fact—that the September 28, 2005 HOD ordered Friendship to compensate D.W. for seven months of missed services—in its own Motion and Statement of Facts, paragraph 15. As to Plaintiffs' remaining "Undisputed Facts," Defendants already responded to them in their Motion, pp. 21-23, and will not do so again herein.

## ARGUMENT

### I. D.W. was not harmed by not receiving compensatory education; there was no denial of FAPE.

In their Opposition, Plaintiffs argue that there is a rebuttable presumption of harm if a student does not receive timely implementation of a Hearing Officer's Determination ("HOD"), and Defendants did not provide any evidence to rebut this harm. *Opposition, p. 12.* Plaintiffs further state that Defendants believe D.W.'s attendance at a private school excused them from providing compensatory education. *Opposition, p. 13.* That is not Defendant's position at all.

First, Defendants did rebut the presumption of harm by showing that D.W. received appropriate special education services since the September 1, 2005 HOD was issued. *Motion, pp. 17-18.* Second, Defendants did not argue that D.W.'s attendance at High Road exempted them from providing compensatory education. Rather, Defendants argued that there was no harm because High Road was an appropriate placement, and was able to implement D.W.'s Individualized Educational Program ("IEP"). *Id.*

At bottom, Plaintiffs have failed to show that DCPS' failure to provide two years of compensatory education detrimentally impacted D.W.'s educational progress.

Accordingly, the April 10, 2007 HOD must be upheld, and Plaintiffs' Motion must be denied.

## II. <u>The Hearing Officer did not exceed his authority.</u>

In Plaintiffs' Opposition, they argue that the "filing of the complaint was not a request for the hearing officer to retry the original case." *Opposition, p. 15.* The hearing officer's role, according to Plaintiffs, was to "make a finding of whether DCPS had provided the ordered compensatory education hours, whether DCPS had completed the appropriate evaluations, triennials, or provided the appropriate transition services." *Id.* Nevertheless, the issue Plaintiffs presented to the hearing officer during the April 10, 2007 hearing, was whether the District of Columbia Public Schools ("DCPS") denied D.W. a Free Appropriate Public Education ("FAPE") by failing to provide compensatory education. As such, Plaintiffs invited the hearing officer to review the facts that precipitated the issuance of the September 1, 2005 HOD. The hearing officer was not "retrying the original case," he was merely doing what was required of him—considering all the evidence before him, including the testimony of Plaintiffs' witness.

Plaintiffs' own witness testified that D.W. made progress at Backus Middle School because of the special education services he received from DCPS. *Administrative Record filed herein, November 2, 2007, p. 4.* Based on the testimony of Plaintiffs' witness, the hearing officer concluded that D.W. *was not* denied a FAPE while he attended a District of Columbia Public School.

Plaintiffs' February 6, 2007 due process hearing request specifically invited review of the facts that precipitated the September 1, 2005 HOD. Accordingly, the

3

hearing officer did not exceed his authority, and his April 10, 2007 HOD should be upheld.

## CONCLUSION

For the foregoing reasons, and for reasons discussed in previous filings, the April 10, 2007 HOD must be upheld, and Defendants' Motion must be granted.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

*/s/ Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**March 19, 2008**